NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DUSTIN TENENBAUM,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>A. IZENBERG, INC. and LOUIS IZENBERG,<br><br>　　　　　Defendants. | Civil Action No. 14-7594 (CCC-JBC)<br><br>**MEMORANDUM OPINION AND ORDER** |

CECCHI, District Judge.

This matter comes before the Court upon the application of the parties, Plaintiff Dustin Tenenbaum ("Plaintiff") and Defendants A. Izenberg, Inc. and Louis Izenberg ("Defendants"), to approve the settlement reached between the parties in June 2018 (the "Settlement"). The Court decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78(b). It appearing that:

1.　　Plaintiff is a former employee of Defendant A. Izenberg, Inc. who worked as a real estate appraiser for Defendant in New Jersey and New York from October 2010 through September 30, 2014. Defendant Louis Izenberg is the owner and chief officer of Defendant A. Izenberg, Inc. and his responsibilities included establishing and controlling employee pay, work schedules, work assignments, maintaining employee records, and the authority to hire and fire employees.

2. Plaintiff filed a Complaint against Defendants on or about December 5, 2014 (ECF No. 1) and Defendants filed an Answer, Affirmative Defenses, and Counterclaims on or about January 20, 2015 (ECF No. 6).

3. After discovery in this action, the parties reached a Settlement agreement during a settlement conference held before the Court on June 11, 2018, the Settlement was placed on the record, and the case was administratively terminated for 60 days pending the submission of a final settlement agreement (ECF No. 58).

4. The parties also entered into a written Settlement Agreement and General Release memorializing the Settlement placed on the record on June 11, 2018.

5. Plaintiff contends that Defendants did not pay him commissions that he earned, in violation of the Fair Labor Standards Act ("FLSA"), the New Jersey Wage Payment Law, and the New Jersey Wage and Hour Law.

6. The Court approved the Settlement because the compromise reached (1) resolves a bona fide dispute; (2) is fair and reasonable to Plaintiff and Defendants; and (3) will not frustrate the implementation of the FLSA in the workplace. Further the Court approves the Settlement's provision for payment of attorneys' fees as reasonable. In exchange for a general release from Plaintiff, and in accordance with the payment schedule agreed to by the parties, and as set forth in the written Settlement Agreement and General Release, Defendants will pay Plaintiff a total of $80,000 inclusive of attorneys' fees and costs. Plaintiff will receive a total of $60,000 and Defendants will pay $20,000 in attorneys' fees.

7. First, the compromise reached resolves a bona fide dispute as to Plaintiff's ability to recover commissions. Plaintiff alleges that Defendants failed to pay him commissions earned. In contrast, Defendants deny those allegations and assert counterclaims against Plaintiff for

violations of the duty of loyalty, misappropriation and a violation under the New Jersey Computer Related Offenses Act. For these reasons, there is a bona fide dispute between the parties.

8. Secondly, the Settlement is fair and reasonable to the parties. Under the terms of the Settlement and as set forth in the written Settlement Agreement and General Release, Defendants will pay $80,000 to Plaintiff, inclusive of attorneys' fees. Plaintiff accepted the terms of the Settlement as a reasonable compromise for Plaintiff's claims and Defendants' counterclaims. All parties have been represented by counsel in this litigation and negotiations were at arms-length.

9. The Court also approved the Settlement's provision for payment of attorneys' fees in the amount of $20,000. "The percentage of recovery method has been accepted as an established approach to evaluating the award of attorneys' fees in the Third Circuit." *Brumley v. Camin Cargo Control, Inc.*, Nos. 08-1798, 10-2461 and 09-6128, 2012 WL 1019337, at *9 (D.N.J. Mar. 26, 2012). The awards have ranged from 19% to 45% of the settlement fund. *See In re Chickie's & Pete's Wage & Hour Litig.*, No. 12-6820, 2014 WL 911718, at *4 (E.D. Pa. Mar. 7, 2014); *see also Brumley*, 2012 WL 1019337, at *12 (collecting cases where attorneys' fees around 30% of settlement funds were found reasonable). The Settlement's provision for payment of $20,000 in attorneys' fees represents 25% of the total settlement amount and thus falls within the range of reasonable allocations in the context of awards granted in other similar cases. This case was litigated for more than two years including discovery, motion practice and court appearances. Further, the Court finds that the award of attorneys' fees is supported by the lodestar method of calculation. Plaintiff's counsel spent 153 hours prosecuting this case and Plaintiff's counsel's hourly rate is $600 for Paul Castronovo (58 hours) and $475 for Kimberly O'Sullivan (95 hours), amounting to a lodestar of $79,925. This amount exceeds the Settlement's provision for payment

of $20,000.00 in attorneys' fees. Accordingly, the court finds the award of attorneys' fees is not excessive and therefore approves the Settlement's provision for payment of attorneys' fees. Accordingly, it is on this 20 day of August, 2018

**ORDERED** that the Clerk shall **REOPEN** the case by making a new and separate docket entry reading "CIVIL CASE REPOPENED"; it is further

**ORDERED** that the parties jointly submitted Settlement Agreement and General Release is hereby approved as to all of the terms of the agreement; it is further

**ORDERED** that the Settlement Agreement's provision for payment of attorneys' fees is hereby approved; it is further

**ORDERED** that the parties shall comply with all deadlines in the terms of the Settlement Agreement; it is further

**ORDERED** that this action is **DISMISSED WITH PREJUDICE**; and it is further

**ORDERED** that the Clerk of Court shall **CLOSE** the file.

**SO ORDERED.**

_____
Hon. Claire C. Cecchi, U.S.D.J.